UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| OCEANUS STERLING GIBBS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAVANNAH-CHATHAM ) <br> METROPOLITAN POLICE ) <br> DEPARTMENT and OFFICER ) <br> NICHOLAS WISSNER, ) <br> ) <br> Defendant. ) | Case No. CV416-040 |

## ORDER

Proceeding *pro se*, Oceanus Gibbs nominally asserts libel and defamation claims against the Savannah-Chatham Police Department and one of its officers. Doc. 1. He claims that on August 12 (of what year he does not say) "plaintiff received a phone call in reference to the safety of his daughter." Doc. 1 at 2. While "under a psychosis state" from pain medication "due to a work related back injury," Gibbs then called 911. *Id.* The police arrived, at which point "[t]he defendant perceived the plaintiff as a threat" and arrested him. *Id.* at 2-3. He contends that the police violated "plaintiff's due process . . . as it relates to *Durham v.*

*United States*," and seeks $1.1 million in compensatory damages. *Id.* at 3, 5.

Courts are obligated to liberally construe *pro se* complaints, but they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Here, Gibbs hasn't given the Court much to construe that makes sense. He never pleads facts to show how his arrest violated due process, much less informs the Court why Officer Wissner arrested him or when it occurred. Nevertheless, because of his *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give him another chance to rewrite his otherwise deficient pleading in order to sustain this action.

This time, however, Gibbs must include a *coherent* (his current narrative contains so many gaps that piecing together what he alleges happened is nigh on impossible) "short and plain statement of the claim showing" that he is entitled to the relief he seeks. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the *factual* allegations that support his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that a defendant has harmed Gibbs, or that it violated the law, will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Gibbs must file his amended complaint within 14 days of the day this Order is served or face a recommendation of dismissal.

Gibbs, who lists a non-prison address, also seeks leave to file his case *in forma pauperis* ("IFP"). Doc. 2. The Court is not satisfied with his indigency affidavit. He claims no monthly income and no assets or expenses, including no rent, food, utility, or other regular monthly bills. Doc. 2 at 1-2. He swears he has no dependents, yet claims $24,490 in child support obligations (he also says he owes $40,754.45 in student loans). *Id.* at 2. *Id.* at 2. That's plainly not credible. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she

supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).²

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit*

---

offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

² *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

*of North America, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3]

Given the totality of the circumstances, it will do likewise here.[4] Therefore, within 14 days from the date this Order is filed, Gibbs shall disclose to the Court the following information:

---

[3] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[4] Two important points must be underscored:

> First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny [IFP] status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether he anticipates any future income within the next year;

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate Gibbs' true financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6

Executed on (date). 28 U.S.C. § 1746(1)." The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Gibbs' convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED,** this  10th  day of February, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA