UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| OCEANUS STERLING GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAVANNAH-CHATHAM METROPOLITAN POLICE DEPARTMENT and OFFICER NICHOLAS WISSNER, | ) ) ) ) ) | Case No. CV416-040 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

After preliminarily reviewing Oceanus Gibbs' initial 42 U.S.C. § 1983 complaint and *in forma pauperis* (IFP) application, the Court ordered him to re-plead (doc. 5), which he's done. Doc. 6. It also, however, ordered Gibbs to provide additional financial information because his initial IFP application was woefully insufficient. Doc. 5 at 3. ("The Court is not satisfied with his indigency affidavit. He claims no monthly income and no assets or expenses, including no rent, food, utility, or other regular monthly bills. Doc. 2 at 1-2. He swears he has no dependents, yet claims $24,490 in child support obligations (he also

says he owes $40,754.45 in student loans). *Id.* at 2.).

In particular, the Court ordered Gibbs to, in addition to fully completing the IFP application, answer the following questions:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether he anticipates any future income within the next year;

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Doc. 5 at 6. Gibbs resubmitted a completed IFP application (that, once again, raises questions about his truthfulness),[1] but he failed to answer a single question posed by the Court.

Consequently, his Complaint should be **DISMISSED WITHOUT PREJUDICE** for failure to follow a Court order. *See* doc. 5 at 7 (Order warning that failure to comply with the IFP directive "will result in a dismissal recommendation"); L.R. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order); *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987) (district court has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice).

---

[1] For example, Gibbs claims no benefits or income of any kind from any source, yet he must eat (he at some point in the past received food stamps, but it's unclear whether he currently does). Doc. 7 at 1. He's apparently applied for Social Security Disability Benefits, but declares that he receives nothing (he doesn't say whether his application still pends, or if it was denied). *Id.* at 7.

3

**SO REPORTED AND RECOMMENDED,** this  24th  day of February, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA