UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

OCEANUS STERLING GIBBS,       )
                              )
    Plaintiff,                )
                              )
v.                            )
                              )
SAVANNAH-CHATHAM              )   Case No. CV416-040
METROPOLITAN POLICE           )
DEPARTMENT and OFFICER        )
NICHOLAS WISSNER,             )
                              )
    Defendant.                )

# REPORT AND RECOMMENDATION

After Oceanus Gibbs failed to comply with a previous Order directing him to provide additional financial information (doc. 5), the Court recommended dismissing this case without prejudice. Doc. 8. Gibbs has now answered the questions he omitted from his previous *in forma pauperis* (IFP) application. Doc. 10. Given the additional information, the Court **VACATES** its previous Report and Recommendation (doc. 8) (R&R), finds Gibbs indigent, and **GRANTS** his IFP motion. Docs. 2, 7, 10. Nevertheless, preliminary review shows that

his Complaint must be dismissed.[1]

August 13, 2013 found Gibbs outside the home of his ex-wife "yelling and screaming" and claiming her boyfriend had endangered Gibbs' daughter. Doc. 6 at 14. He called the police, as did several witnesses. *Id.* Officer Nicholas Wissner responded and, after an investigation, determined that Gibbs' presence at the home violated an existing court order barring him from any contact with his ex-wife. *Id.* at 11. He arrested Gibbs for aggravated stalking, *id.* at 11-12, a charge to which he later pled guilty. *Id.* at 13-16.

Gibbs now claims that Wissner "liabled" him because the incident report stated that Gibbs was intoxicated, which, he says, isn't true. Doc. 6 at 6. He instead contends that prescribed medications taken to alleviate back pain caused his "hallucination state," a fact which Wissner "willfully ignored." *Id.* at 5. Because of Wissner's false report, says Gibbs, the grand jury returned a wrongful indictment, and he has "been viewed on 9 websites, tarnishing his character and reputation." *Id.* at 6.

To the extent that Gibbs' claims "necessarily impl[y] the

---

[1] The Court reviews all IFP complaints under 28 U.S.C. § 1915(e)(2), which requires dismissing those that are frivolous, malicious, or, like Gibbs', "fail to state a claim on which relief may be granted."

unlawfulness of" his state conviction (and assuming he remains under some form of state supervision),[2] § 1983 provides no vehicle for relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).

Even if no *Heck* bar impaired Gibbs' claims, § 1983 still furnishes no redress for his libel claims against Wissner. That statute provides a civil remedy against state actors who deprive a person of any right secured by the Constitution and laws of the United States. *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right."). A simple

---

[2] Gibbs asserts that his "indictment and charge was based on a false premise," and that he "was arrested and incarcerated [because of] the willful distortions by the defendant." Doc. 6 at 6. He also argues that, because of his altered mental state, he lacked the *mens rea* necessary for conviction. *See id.* at 5 ("Because of the mental state of the plaintiff this act was not done willfully or with intent."). Although he only seeks monetary damages as relief, ruling in Gibbs favor would require the Court to address the validity of his underlying state conviction. It can do that in limited circumstances (*see* 28 U.S.C. § 2254), but not in a § 1983 action.

defamation claim, however, violates neither the Constitution nor any provision of federal law. *Seigert v. Gilley*, 500 U.S. 226, 233 (1991); *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *see Von Stein v. Bresher*, 904 F.2d 572 (1990) (sheriff's defamatory comments following plaintiff's arrest did not deprive plaintiff of any constitutionally protected interest); *Walker v. Atlanta Police Dep't Public Affairs Unit*, 322 F. App'x 809, 810 (11th Cir. 2009) ("a claim of being defamed by a police officer is not actionable under 42 U.S.C. § 1983").[3]

Also, the Savannah-Chatham Metropolitan Police Department is incapable of being sued under either federal or Georgia law. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("police departments are not usually considered legal entities subject to suit"); *Sherman v. City of Fort Valley*. 2015 WL 5162271 at *2 (M.D. Ga. Sept. 2, 2015) ("The Fort Valley Police Department is entitled to summary judgment on the federal claims against it because it is not a legal entity capable of being sued

---

[3] A § 1983 cause of action may arise where, in addition to damaging plaintiff's reputation, the state official's conduct deprives plaintiff of some tangible interest (such as employment) protected by the Due Process clause. *Cypress Insur. Co. v. Clark*, 144 F.3d 1435 (11th Cir. 1998). This "stigma plus" standard requires plaintiff to show that the official's conduct deprived him of some recognized property or liberty interest in addition to damaging his reputation. *Id.* at 1436. Here Gibbs has asserted no more than a garden-variety defamation claim, unaccompanied by any allegation of a constitutionally recognized injury.

4

under either federal or Georgia law"); *Williams v. Muscogee Cty. Sheriff's Dep't,* 2009 WL 1457156, at *3 (M.D. Ga. May 22, 2009) ("[T]he Muscogee County Sheriff's Department, as named in the Plaintiff's lawsuit, is not a natural person, artificial person, nor a quasi artificial person . . . [ ]capable of being sued under 42 U.S.C. § 1983. . . ."); *Bunyon v. Burke Cty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (same); *see Smalls v. State Bd. of Pardons and Paroles*, 2014 WL 2003291 *1 n. 3 (S.D. Ga. May 15, 2014).

To summarize: the Court **VACATES** its previous R&R (doc. 8) and **GRANTS** Gibbs' motions to proceed IFP. Docs. 2, 7, 10. Because all of his claims fail as a matter of law, however, Gibbs' § 1983 Complaint should be **DISMISSED**. His motion to waive the statute of limitations is **DENIED**.[4] Doc. 4.

---

[4] Notably, any claims related to Gibbs' August 13, 2013 arrest are indeed time-barred, and his waiver motion contains no reason to toll the limitations period. *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n. 2 (11th Cir. 1987) (actions brought under 42 U.S.C. § 1983 are barred if not filed within two years after the cause of action accrues); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("[T]he proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

**SO REPORTED AND RECOMMENDED,** this __3rd__ day of March, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA